IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-743 T
(Judge Francis M. Allegra)

ELWOOD J. LEBLANC, JR. and JANICE L. LEBLANC,

Plaintiffs,

v.

THE UNITED STATES

Defendant.

# JOINT STATUS REPORT

Pursuant to the Court's Order [Doc. #13], the parties provide the following statements setting forth their views for further proceedings in this case.

**Plaintiffs' Statement:**

This claim, like *Dismore's*, is a claim for refund arising from a loss on termination or abandonment of the partner's interest in an AMCOR related partnership. Any alleged representations Plaintiffs' counsels' made with respect to whether *Dismore* was representative of the AMCOR related basis claims pending in the Court of Federal Claims were premised on counsels' previous course of practice with the Internal Revenue Service ("IRS") in processing these basis adjustment refund claims – a course of practice, which it turned out during *Dismore*, varied considerably from the Government's litigating position.

Over the course of the past seven years, the IRS has allowed and promptly paid well over a hundred AMCOR related basis adjustment claims. Early during the course of processing these

claims, IRS representatives at the Holtsville, N.Y. Service Center that were charged with processing the AMCOR refund claims realized and agreed with plaintiffs counsel that the AMCOR partners who submitted claims had uniformly continued to report their AMCOR partnership income and losses on their subsequent year tax returns, and their remaining basis in the partnerships was the amount of the adjustment that resulted from the settlements or agreed Tax Court decision. For several years prior to the filing of this claim, the IRS had not required partners to submit tax returns for the intervening 10 to 15 years nor the Schedule K-1s to substantiate their basis adjustment claims. The IRS processed these claims using the adjustment to the partnership losses pursuant to the settlement or Tax Court decision (as applicable) as the amount of remaining partnership basis, without any further question or substantiation.

The difference between the claims the IRS processed and paid and the claims at issue is whether the lost basis is capital or ordinary. The IRS asserts the loss is capital and has paid capital loss claims. Plaintiffs in these actions assert the loss is ordinary. It is plaintiffs' position that the same adjustment reflects the remaining basis for the ordinary loss claims as well.

It was on this understanding and established course of dealing with the IRS that plaintiffs' counsel believed and represented to this Court that it was possible to immediately address the purely legal issue – capital vs. ordinary loss treatment of the partners' lost basis.

However, during the course of Dismore's litigation the Government asserted that the same documentation the IRS had previously deemed immaterial was now necessary to substantiate plaintiffs' claims. And as the Government is aware, Dismore is not able to produce every one of his 10 to 15 intervening year tax returns or Schedule K-1s.

Dismore does not have copies of his old returns. Several years ago, Dismore's CPA sold his

practice. He does not have copies of his clients' returns. The purchaser of his practice has not been able to locate copies of Dismore's returns either.

Nor does Dismore have copies of the intervening years' Schedule K-1s. Counsel attempted to obtain copies of the partnership tax returns, including Schedule K-1s directly from the partnerships before commencing *any* AMCOR litigation. But that documentation is not available because the IRS did not return all of the confiscated returns to the partnerships. (The failure to return all of the partnerships' documents, including complete returns, was one of the grounds for plaintiffs' §6404(e)(1) interest abatement claims.) Consequently, Dismore was not able produce those documents to the Government.

As the Court is aware, Dismore voluntarily dismissed a related claim on the grounds that he could not meet his burden of proof for the same reason, inability to produce the relevant years' tax returns. Given the Government's new litigating position with respect to substantiation of Dismore's partnership basis, which differs markedly from the IRS's past position, it appears that Dismore will not be able to meet the Government's asserted evidentiary burden with respect to this claim either.

Counsel has previously advised Dismore that his inability to produce these documents negatively impacts his case and advised him of the possible consequences if the Government continued to assert that the documents were necessary, including dismissal or loss of his suit. However, as the Government is aware, Dismore travels extensively for work and counsel was not able to reach him to obtain authorization to voluntarily dismiss his claim before the Government filed its motion for summary judgment. Nor has counsel been able to obtain Dismore's authorization to voluntarily dismiss since that motion was filed.

That authorization is a moot point given that the Government, having prepared and filed its

motion for summary judgment, has informed plaintiffs' counsel that it is unwilling to agree to a voluntary dismissal. Instead, the Government seeks to have the Court enter a judgment on the merits of Dismore's claim and use that decision as controlling legal precedent for the other basis adjustment claims pending in the Court of Federal Claims.

Unlike Dismore, the LeBlancs are able to substantiate their partnership basis. They have copies of all of their intervening years' tax returns, which clearly show that they continued to report their AMCOR partnership items, and all but two of their Schedule K-1s, which clearly establishes their basis in their partnership. Given the LeBlanc's ability to meet the Government's asserted burden of proof, this case presents a much more representative opportunity to reach the legal argument the underlie the AMCOR related basis claims pending before the Court of Federal Claims.

Plaintiffs in these actions are as mindful as the Government and the Court of the delay in resolving these basis claims that has resulted from this evidentiary dispute. But, unless the Government again changes its position, the legal and evidentiary issues have focused and the parties should be able to address the merits of these claims expeditiously in the context of a truly representative case in which the merits of the ordinary vs. capital issue can be reached.

**Defendant's Statement:**

This AMCOR termination year case was stayed for approximately 20 months after the parties' joint representations (1) that *Donald L. Dismore v. Bettye G. Dismore v. United States*, Fed. Cl. No. 04-1787 T was a representative case in the AMCOR litigation pending before this Court; and (2) that, "since [this case] presents the same issues of fact and law as *Isler*, *Scuteri*, and *Dismore* (three of the seven representative cases), the parties request that proceedings be suspended pending a final decision in *Isler*, *Scuteri*, and *Dismore*." *Mot.* [Doc. #3] at 5; *see Orders* [Docs. ## 10, 13].

Accordingly, defendant believes this case should be stayed until the Court either rules on defendant's pending summary judgment motion in *Dismore*, *see Dismore*, Fed. Cl. No. 04-1787 T, docs. ## 58, 59, or decides not to do so.

In *Dismore*, defendant has moved the Court to rule on the merits of its summary judgment motion, and that motion remains pending. *See Dismore*, Fed. Cl. No. 04-1787 T, doc. #60. The two grounds presented in defendant's summary judgment motion apply to every basis restoration/termination claim in approximately 40-50 other AMCOR cases currently pending in the Court of Federal Claims, including this case. Therefore, defendant desires a ruling on the merits of those two global arguments.

Defendant's motion for a ruling on the merits was necessitated by plaintiffs' counsel's failures in litigating *Dismore*. After plaintiffs failed to respond to defendant's summary judgment motion, the Court warned that it intended to dismiss *Dismore* for lack of prosecution, unless a response was forthcoming on or before June 12, 2007. *See Order* [Doc. #60], Fed. Cl. No. 04-1787 T. That deadline too passed with no action from plaintiffs' counsel. Defendant thereafter, on June 14, 2007, moved for a ruling instead of a dismissal for lack of prosecution. *See Mot.* [Doc. #61].

In these circumstances, a ruling on defendant's summary judgment motion in *Dismore* with an attendant stay of proceedings in this case is appropriate. Having sought and obtained a stay in this case on the representation that *Dismore* presented the same issues of fact and law, plaintiffs' counsel was obligated to litigate *Dismore*. The failure to do so should have repercussions here. Permitting plaintiffs a fresh start in this case would contravene the purpose for the twenty month

stay of this case and plaintiffs' counsel's duty to follow through on its representations to the Court.[1]

Respectfully submitted,

07/13/2007 s/Teresa J. Womack by s/Bart D. Jeffress
Date Teresa J. Womack
Redding & Associates, P.C.
P.O. Box 924328
Houston, Texas 77292-4328
(713) 965-9244
(713) 621-5227 (fax)

Attorneys for Plaintiffs

07/13/2007 s/Bart D. Jeffress
Date Bart D. Jeffress
Attorney of Record
U.S. Department of Justice, Tax Div.
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496
(202) 514-9440 (fax)

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

07/13/2007 s/Steven I. Frahm
Date Of Counsel

Attorneys for Defendant

[1] Our silence about plaintiffs' statement does not constitute agreement with the many representations in it, and we note the lack of substantiation offered by plaintiffs.