# Defendant's Exhibit 6

HAND-DELIVERED TO PETITIONS SECTION

RECEIVED
PETITIONS

UNITED STATES TAX COURT

FILED

'90 JUN 13

| | |
|---|---|
| AGRI-CAL VENTURE ASSOCIATES,<br>WILLIAM T. AND CARROLL S. FLOWERS,<br>Partners Other Than<br>the Tax Matters Partner<br><br>Petitioners,<br><br>v.<br><br>COMMISSIONER OF INTERNAL<br>REVENUE,<br><br>Respondent. | DOCKET NO. 12530-90 |

MAIL CLERK
ADMISSIONS
RECORDED & SERVED
PUB. FILES

PETITION FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226

William T. and Carroll S. Flowers ("Petitioners"), being notice partners other than the Tax Matters Partner for the above-named partnership, by their undersigned attorneys, hereby petition for a readjustment of partnership items set forth by the Commissioner of Internal Revenue in his Notice of Final Partnership Administrative Adjustment ("FPAA") dated March 14, 1990, and as a basis for this proceeding, allege as follows:

1. Petitioners, William T. and Carroll S. Flowers, are individuals, husband and wife, whose address is 203 Pinetree Drive, Dothan, Alabama 36303.

CERTIFIED TRUE COPY
ROBERT R. DI TROLIO, CLERK
BY: [signature]
DEPUTY CLERK



SERVED JUN 14 1990

2. Agri-Cal Venture Associates ("the Partnership") has its principal place of business at 52300 Enterprise Way, Coachella, California 92236. Its taxpayer identification number is 33-0189461.

3. The Tax Matters Partner for the Partnership is Fred H. Behrens. Mr. Behrens' current address is 52300 Enterprise Way, Coachella, California 92236.

4. The partnership return (Form 1065) for the period here involved (the taxable year ending November 30, 1986) was filed with the Office of the Internal Revenue Service at Fresno, California.

5. Petitioners are notice partners in the Partnership with respect to which this petition is filed.

6. Petitioners are currently, and were in 1986, limited partners in the Partnership. The Petitioners filed a joint federal income tax return (Form 1040) for calendar year 1986.

7. Petitioners satisfy the requirements of section 6226(d) of the Internal Revenue Code of 1986, as amended (the "Code"), in that the partnership items of Petitioners in issue for the Partnership's taxable year ending November 30, 1986 have not become nonpartnership items by reason of one or more of the events described in section 6231(b) of the Code. The period within which

any tax attributable to such partnership items may be assessed against the Petitioners has not expired.

8. The Notice of FPAA was dated and mailed to the Tax Matters Partner on March 14, 1990 by the Office of the Internal Revenue Service at Fresno, California. A copy of such Notice is attached hereto and marked "Exhibit A."

9. The Tax Matters Partner for the Partnership has not filed a petition for readjustment of partnership items within the period specified by section 6226(a) of the Code.

10. The adjustments to partnership items made by the Commissioner consist of (a) disallowance of Schedule F (Farm) deductions of the Partnership for the taxable year ending November 30, 1986, in the amount of $32,181,001, all of which is in dispute, (b) disallowance of other deductions of the Partnership for the taxable year ending November 30, 1986, in the amount of $634,885, all of which is in dispute, and (c) reduction of the tax preference item of qualified investment expense for the taxable year ending November 30, 1986, in the amount of $30,428,782. The grounds for Respondent's adjustments are stated in an Explanation of Adjustments accompanying the Notice of FPAA sent to the Tax Matters Partner.

11. The adjustments to partnership items set forth in said Notice of FPAA are based upon the following errors:

A. Respondent erred in disallowing all of the Partnership's Schedule F (Farm) deductions in the amount of $32,181,001.

B. Respondent erred in disallowing the deductions other than the Schedule F (Farm) deductions in the amount of $634,885.

C. Respondent erred in determining that the Partnership's activities constituted a series of sham transactions lacking economic substance.

D. Respondent erred in determining that the Partnership did not actively engage in the trade or business of farming during the taxable year ending November 30, 1986.

E. Respondent erred in determining that it has not been established that the Partnership paid or incurred bona fide ordinary and necessary trade or business expenses currently deductible under Code Section 162.

F. Respondent erred in determining that, even if the Partnership activities did constitute a valid trade or business, it has not been established that the partners were at risk for such activities pursuant to the provisions of Section 465 of the Code.

G. Respondent erred in determining that amounts covered by assumption agreements signed by the limited partners are not includible in their adjusted partnership basis, and Respondent erred in determining that it has not been established that the assumption agreements represent the assumption of bona fide partnership liabilities pursuant to the provisions of Section 752 of the Code.

12. The facts upon which the Petitioners rely as the basis for this proceeding are as follows:

A. The Partnership is a limited partnership organized in 1986. The Partnership's taxable year in issue ended November 30, 1986.

B. The Partnership timely filed its U.S. Partnership Return of Income (Form 1065) with the Office of the Internal Revenue Service at Fresno, California for the taxable year ending November 30, 1986.

C. In its return for the taxable year ending November 30, 1986, the Partnership reported Schedule F (Farm) and other deductions, and qualified investment expenses.

D. During the taxable year ending November 30, 1986, the Partnership incurred and paid ordinary and necessary expenses in the conduct of its trade or business of farming, allowable as deductions under the

Code, in an amount not less than the amount claimed on the Partnership return.

E. During the taxable year ending November 30, 1986, the Partnership engaged in bona fide farming activity, which had economic substance and constituted a trade or business for all purposes of the Internal Revenue laws.

F. During the taxable year ending November 30, 1986, the Partnership engaged in the trade or business of farming primarily for the purpose of earning profits.

G. Each partner's distributive share of Partnership deductions and losses for the taxable year ending November 30, 1986 is allowable within the provisions of Section 465 of the Code, since each partner was "at risk," within the meaning of Section 465 of the Code, in an amount not less than such distributive share.

H. Each partner's adjusted basis for his partnership interest in the Partnership at the close of the taxable year ending November 30, 1986 was in excess of such partner's distributive share of partnership deductions and losses for such taxable year.

WHEREFORE, the Petitioners pray that this Court hear this proceeding, determine that the Respondent erred as hereinabove alleged, and set aside the asserted

partnership adjustments, and grant such further relief as may be appropriate.

Respectfully submitted,

Stuart E. Seigel (SS0594)
ARNOLD & PORTER
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 750-5372

K. Peter Schmidt (SK0153)
ARNOLD & PORTER
1200 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 872-6834

Leonard S. Roth (RL0239)
LEVIN, ROTH & KASNER, P.C.
500 Summit Tower
Eleven Greenway Plaza
Houston, Texas 77046
(713) 877-1600

Dated: June 13, 1990

Internal Revenue Service                                        Department of the Treasury

Date: **MAR 14 1990**

Name of Partnership:
AGRI-CAL VENTURE ASSOCIATES

Taxpayer Identifying Number:
[illegible]

Tax Year Ended:
November 30, 1986

AGRI-CAL VENTURE ASSOCIATES
Tax Matters Partner
52300 Enterprise Way
Coachella, CA 92236

Date FPAA Mailed to Tax Matters Partner:
**MAR 14 1990**

Person to Contact:
Don Webb

Contact Telephone Number:
(209) 443-7568

NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding agreement to treat the partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of agreement, the treatment of the partnership items of the partnership under the agreement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with IRS) and want to contest the adjustments in court, you have **90 days** from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review, and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has not filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership ("5-percent group")) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier in the Claims Court or a district court) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to 400 Second Street, N.W., Washington, D.C. 20217. Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

(Continued)

As a condition to filing a petition in either the appropriate District Court or the Claims Court, the partner filing the petition (including each member of a 5-percent group which files a petition) must deposit with the Internal Revenue Service, on or before the day the petition is filed, the amount by which the partner's tax liability would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro-rata share of the total partnership adjustments into account in refiguring your tax.

If no readjustment petition is filed in any of the courts listed on the first page of this letter, the FPAA becomes binding and you will be billed for any additional tax that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law permits us to bill you after 150 days from the mailing date of the FPAA to the tax matters partner. However, if a petition is filed in the Tax Court, you will not be billed until the Tax Court decision is final.

If you have any questions about this matter, please write to the person whose name and address are shown on this letter. If you write, attach this letter to help identify your account. Keep the copy for your records. Also include your telephone number and the most convenient time for us to call you in case we need more information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If the number is outside your local calling area, there will be a long-distance charge to you.

You may call the IRS telephone number listed in your local directory. An employee there may be able to help you, but the contact person at the address shown on this letter is most familiar with your case.

Thank you for your cooperation.

Sincerely yours,

Fred T. Goldberg, Jr.
Commissioner
by

Jesse A. Cota
District Director

Enclosures:
Form 870-P
Copy of this letter

cc:Leonard S. Roth,u/PA

5045 East Butler Avenue, Stop 826-1
Fresno, CA 93888

Letter 1830(DO) (Rev. 10-89)

FORM 870-P

Department of the Treasury - Internal Revenue Service

# AGREEMENT TO ASSESSMENT AND COLLECTION OF DEFICIENCY IN TAX FOR PARTNERSHIP ADJUSTMENTS

| Taxpayer(s) name(s), address, and ZIP code | Name of partnership | Tax Year(s) ended |
|---|---|---|
| Agri-Cal Venture Associates<br>Tax Matters Partner<br>52300 Enterprise Way<br>Coachella, CA 92236 | Agri-Cal Venture Associates<br>Taxpayer identifying number: 33-0189461 | November 30, 1986 |
| Taxpayer Identifying Number > 33-0189461 | Name of tax matters partner<br>Fred H. Behrens | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into an agreement with respect to the determination of partnership items of the partnership for the year(s) shown in the attached schedule of adjustments. The undersigned in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as provided by law) provided in section 6225(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| | |
|---|---|
| Signature of taxpayer | Date |
| Signature of taxpayer | Date |
| By (Signature and title) | Date |

If this offer is executed by a tax matters partner, please include title with the signature.

NOTE: The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If the taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specifically authorized by a power of attorney, which, if not previously filed, must accompany this form.

| | | |
|---|---|---|
| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
| | Office | Title |

Form 870-P

Department of the Treasury - Internal Revenue Service
AGREEMENT TO ASSESSMENT AND COLLECTION OF
DEFICIENCY IN TAX FOR PARTNERSHIP ADJUSTMENTS

Schedule Of Adjustments

| Name of Partnership<br>Agri-Cal Venture Associates | Tax Year(s) Ended | | |
|---|---|---|---|
| Taxpayer Identifying Number 33-0189461 | 11-30-86 | | |
| Detail Of Adjustments To Ordinary Income | | | |
| Net farm profit (loss) | $32,181,001.00 | | |
| Other deductions | 634,885.00 | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | $32,815,886.00 | | |
| OTHER ADJUSTMENTS | | | |
| A. Tax Preference Item: Qualified Investment Expenses | | | |
| (1) Adjustment | $30,428,782.00 | | |
| (2) As Reported | 31,738,390.00 | | |
| (3) Corrected | $ 1,309,608.00 | | |
| B. | | | |
| (1) Adjustment | -0- | | |
| (2) As Reported | | | |
| (3) Corrected | | | |

REMARKS

This examination does not reflect the results of examinations of flow-through entities (Forms 1065, 1120-S) in which Agri-Cal Venture Associates (33-0189461) may have an interest.

Agri-Cal Venture Associates

EXPLANATION OF ADJUSTMENTS

It is determined that the farming expenses claimed on Schedule F in the amount of $32,181,001.00 and the Other Deductions claimed on line 22, page 1 of Form 1065 in the amount of $634,885.00 (totalling $32,815,886.00), for the taxable period ending November 30, 1986 are not allowable for the following reasons:

1. The partnership's activities constituted a series of sham transactions lacking economic substance.

2. The partnership did not actively engage in the trade or business of farming during the taxable period.

3. The partnership did not pay or incur any bona fide trade or business expenses during the taxable period, or if the partnership did pay or incur any expenses during the taxable period, it has not been established that they were ordinary and necessary trade or business expenses currently deductible under section 162 of the Internal Revenue Code (IRC) and the Regulations thereunder.

In the alternative, if the partnership activities are determined to constitute a valid trade or business, then the following alternate positions are applicable:

1. No distributive share of any losses from such activity are allowable to the partners because it has not been established that the partners were at risk in any amount for such activities at the close of the taxable year pursuant to the provisions of IRC section 465.

2. Under IRC section 704 a partner may not deduct partnership losses exceeding his adjusted basis in the partnership. The assumption agreements signed by the limited partners are not includable in their adjusted partnership basis because it has not been established that they represent the assumption of bona fide partnership liabilities as required by the provisions of IRC section 752.

***********

It is determined that the Tax Preference Item of qualified investment expenses is $1,309,608.00 in lieu of the $31,738,390.00 as reported on the partnership tax return for the period ending November 30, 1986 since the expenses on which the tax preference item was based have been adjusted for the reasons stated above. Accordingly, tax preference items have been reduced $30,428,782.00.

# Defendant's Exhibit 7

**REDDING & ASSOCIATES, P.C.**
ATTORNEYS AT LAW

Telephone: (713) 965-9244 • Telecopier: (713) 621-5227

Thomas E. Redding, J.D.
Sallie W. Gladney, J.D.
Teresa J. Womack, J.D.
Brett A. Thompson, J.D., C.P.A.

Mailing Address:
P.O. Box 924328
Houston, Texas 77292-4328

Physical Address
2914 West T.C. Jester
Houston, Texas 77018-7010

May 5, 2000

**PRIORITY MAIL**
**CERTIFIED NO. Z 974 590 173**
**RETURN RECEIPT REQUESTED**

Ms. Alice M. Harbutte
Office of Chief Counsel
Internal Revenue Service
Rocky Mountain District
1244 Speer Boulevard, Suite 500
Denver, Colorado 80204

Re: Amcor Settlements; Executed Forms 870-P(AD)
Elwood J. and Janice L. LeBlanc; TIN:

Dear Ms. Harbutte:

Enclosed are Forms 870-P(AD) for the above referenced taxpayers regarding both their direct and indirect interests in the following Amcor partnerships: Agri-Cal Venture Associates.

After they have been executed on behalf of the Commissioner please return a countersigned copy of each directly to our office at the above address.

Thank you for your help in this matter. Should you have any questions please call me at (713) 965-9244. A copy of my Form 2848 Power of Attorney is also enclosed.

Very truly yours,

**REDDING & ASSOCIATES, P.C.**

Sallie W. Gladney

SWG:lap

FILE

C:\Docs\Corresp.q\QMGL5050.am1.wpd

FORM 870-P(AD)(5-88) DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE SETTLEMENT AGREEMENT FOR PARTNERSHIP ADJUSTMENTS

DATE: 12-20-96

IN REPLY REFER TO: MS 4550 122096-0032

TAXPAYER(S) NAME(S) AND ADDRESS

Elwood J. and Janice L. LeBlanc
855 Shadow Oak Lane
Mandeville, LA 70471

TIN: --

NAME OF PARTNERSHIP

Agri-Cal Ventures Associates

TIN: 33-0189461

TAX YEAR ENDED: 1986

UNDER THE PROVISIONS OF SECTION 6224(c) OF THE INTERNAL REVENUE CODE, THE UNDERSIGNED OFFERS TO ENTER INTO A SETTLEMENT AGREEMENT WITH RESPECT TO THE DETERMINATION OF PARTNERSHIP ITEMS OF THE PARTNERSHIP FOR THE YEAR SHOWN ON THE ATTACHED SCHEDULE OF ADJUSTMENTS. THE UNDERSIGNED, IN ACCORDANCE WITH THE PROVISIONS OF SECTION 6224(b) OF THE CODE, ALSO OFFERS TO WAIVE THE RESTRICTIONS ON THE ASSESSMENT AND COLLECTION OF ANY DEFICIENCY ATTRIBUTABLE TO PARTNERSHIP ITEMS (WITH INTEREST AS REQUIRED BY LAW) PROVIDED IN SECTION 6225(a).

THIS OFFER IS SUBJECT TO ACCEPTANCE FOR THE COMMISSIONER OF THE INTERNAL REVENUE SERVICE. IT WILL TAKE EFFECT AS A WAIVER OF RESTRICTIONS ON THE DATE IT IS ACCEPTED. UNLESS AND UNTIL IT IS ACCEPTED, IT WILL HAVE NO FORCE OR EFFECT.

IF THIS OFFER IS ACCEPTED FOR THE COMMISSIONER, THE TREATMENT OF PARTNERSHIP ITEMS UNDER THIS AGREEMENT WILL NOT BE REOPENED IN THE ABSENCE OF FRAUD, MALFEASANCE, OR MISREPRESENTATION OF FACT; AND NO CLAIM FOR REFUND OR CREDIT BASED ON ANY CHANGE IN THE TREATMENT OF PARTNERSHIP ITEMS MAY BE FILED OR PROSECUTED.

SIGNATURE OF TAXPAYER: Elwood J LeBlanc Jr — DATE: 4/10/00

SIGNATURE OF TAXPAYER: Janice L. LeBlanc — DATE: 4/10/00

BY (SIGNATURE AND TITLE) — DATE

IF THIS OFFER IS EXECUTED BY A TAX MATTERS PARTNER, PLEASE INCLUDE TITLE WITH THE SIGNATURE.

NOTE: THE EXECUTION AND FILING OF THIS OFFER WILL EXPEDITE THE ADJUSTMENT OF TAX LIABILITY.

IF THIS OFFER IS EXECUTED WITH RESPECT TO A YEAR FOR WHICH A JOINT RETURN OF A HUSBAND AND WIFE WAS FILED, IT MUST BE SIGNED BY BOTH SPOUSES, UNLESS ONE SPOUSE, ACTING UNDER A POWER OF ATTORNEY, SIGNS AS AGENT FOR THE OTHER.

IF THE TAXPAYER IS A CORPORATION, THE OFFER MUST BE SIGNED WITH THE CORPORATE NAME FOLLOWED BY THE SIGNATURE AND TITLE OF THE OFFICER AUTHORIZED TO SIGN.

THIS OFFER MAY BE EXECUTED BY THE TAXPAYER'S ATTORNEY OR AGENT PROVIDED THIS ACTION IS SPECIFICALLY AUTHORIZED BY A POWER OF ATTORNEY, WHICH, IF NOT PREVIOUSLY FILED, MUST ACCOMPANY THIS FORM.

THE SUBMISSION OF THIS OFFER BY YOU AND THE ACCEPTANCE OF THE OFFER FOR THE COMMISSIONER MAY RESULT IN AN ADDITIONAL TAX LIABILITY TO YOU PLUS INTEREST AS PROVIDED BY LAW. IF THE RESULT IS A DECREASE IN TAX, THE AMOUNT OF THE DECREASE WILL BE SENT TO YOU WITH INTEREST AS PROVIDED BY LAW.

| FOR INTERNAL REVENUE USE ONLY | DATE ACCEPTED FOR COMMISSIONER | SIGNATURE |
| --- | --- | --- |
| | OFFICE | TITLE |

# Settlement Agreement For Partnership Adjustments

## Schedule of Adjustments

| | Tax Years(s) Ended | | |
|---|---|---|---|
| ne of Partnership: AGRI – CAL VENTURE ASSOCIATES | | | |
| xpayer Identifying Number: 33–0189461 | November 30, 1986 | | |
| etail of Adjustments to Ordinary Income | | | |
| Net Farm Profit (Loss) | 16,869,368 | | |
| Other Deductions | 332,808 | | |
| al Adjustments To Ordinary Income | 17,202,176 | 0 | 0 |
| er Adjustment: T.P.I. – Qualified Investment Expense | | | |
| (1) Adjustment | (22,851,641) | | |
| (2) As Reported | 31,738,390 | | |
| (3) Corrected | 8,886,749 | 0 | 0 |
| er Adjustment: | | | |
| (1) Adjustment | 0 | | |
| (2) As Reported | | | |
| (3) Corrected | 0 | 0 | 0 |
| er Adjustment: | | | |
| (1) Adjustment | 0 | | |
| (2) As Reported | | | |
| (3) Corrected | 0 | 0 | 0 |

arks

# Defendant's Exhibit 8

FORM 870-P(AD)(5-88)

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
SETTLEMENT AGREEMENT
FOR PARTNERSHIP ADJUSTMENTS

DATE: 12-20-96

IN REPLY REFER TO:
MS 4550
122096-0032

TAXPAYER(S) NAME(S) AND ADDRESS

Elwood J. and Janice L. LeBlanc
855 Shadow Oak Lane
Mandeville, LA 70471

TIN:

NAME OF PARTNERSHIP

Agri-Cal Ventures Associates

TIN: 33-0189461

TAX YEAR ENDED: 1986

UNDER THE PROVISIONS OF SECTION 6224(c) OF THE INTERNAL REVENUE CODE, THE UNDERSIGNED OFFERS TO ENTER INTO A SETTLEMENT AGREEMENT WITH RESPECT TO THE DETERMINATION OF PARTNERSHIP ITEMS OF THE PARTNERSHIP FOR THE YEAR SHOWN ON THE ATTACHED SCHEDULE OF ADJUSTMENTS. THE UNDERSIGNED, IN ACCORDANCE WITH THE PROVISIONS OF SECTION 6224(b) OF THE CODE, ALSO OFFERS TO WAIVE THE RESTRICTIONS ON THE ASSESSMENT AND COLLECTION OF ANY DEFICIENCY ATTRIBUTABLE TO PARTNERSHIP ITEMS (WITH INTEREST AS REQUIRED BY LAW) PROVIDED IN SECTION 6225(a).

THIS OFFER IS SUBJECT TO ACCEPTANCE FOR THE COMMISSIONER OF THE INTERNAL REVENUE SERVICE. IT WILL TAKE EFFECT AS A WAIVER OF RESTRICTIONS ON THE DATE IT IS ACCEPTED. UNLESS AND UNTIL IT IS ACCEPTED, IT WILL HAVE NO FORCE OR EFFECT.

IF THIS OFFER IS ACCEPTED FOR THE COMMISSIONER, THE TREATMENT OF PARTNERSHIP ITEMS UNDER THIS AGREEMENT WILL NOT BE REOPENED IN THE ABSENCE OF FRAUD, MALFEASANCE, OR MISREPRESENTATION OF FACT; AND NO CLAIM FOR REFUND OR CREDIT BASED ON ANY CHANGE IN THE TREATMENT OF PARTNERSHIP ITEMS MAY BE FILED OR PROSECUTED.

| | |
|---|---|
| SIGNATURE OF TAXPAYER: Elwood J. LeBlanc Jr. | DATE: 4/10/00 |
| SIGNATURE OF TAXPAYER: Janice L. LeBlanc | DATE: 4/10/00 |
| BY (SIGNATURE AND TITLE) | DATE |

IF THIS OFFER IS EXECUTED BY A TAX MATTERS PARTNER, PLEASE INCLUDE TITLE WITH THE SIGNATURE.

NOTE: THE EXECUTION AND FILING OF THIS OFFER WILL EXPEDITE THE ADJUSTMENT OF TAX LIABILITY.

CONSISTENT AGREEMENT

IF THIS OFFER IS EXECUTED WITH RESPECT TO A YEAR FOR WHICH A JOINT RETURN OF A HUSBAND AND WIFE WAS FILED, IT MUST BE SIGNED BY BOTH SPOUSES, UNLESS ONE SPOUSE, ACTING UNDER A POWER OF ATTORNEY, SIGNS AS AGENT FOR THE OTHER.

IF THE TAXPAYER IS A CORPORATION, THE OFFER MUST BE SIGNED WITH THE CORPORATE NAME FOLLOWED BY THE SIGNATURE AND TITLE OF THE OFFICER AUTHORIZED TO SIGN.

THIS OFFER MAY BE EXECUTED BY THE TAXPAYER'S ATTORNEY OR AGENT PROVIDED THIS ACTION IS SPECIFICALLY AUTHORIZED BY A POWER OF ATTORNEY, WHICH, IF NOT PREVIOUSLY FILED, MUST ACCOMPANY THIS FORM.

THE SUBMISSION OF THIS OFFER BY YOU AND THE ACCEPTANCE OF THE OFFER FOR THE COMMISSIONER MAY RESULT IN AN ADDITIONAL TAX LIABILITY TO YOU PLUS INTEREST AS PROVIDED BY LAW. IF THE RESULT IS A DECREASE IN TAX, THE AMOUNT OF THE DECREASE WILL BE SENT TO YOU WITH INTEREST AS PROVIDED BY LAW.

| FOR INTERNAL REVENUE USE ONLY | | |
|---|---|---|
| DATE ACCEPTED FOR COMMISSIONER: JUN 16 2000 | SIGNATURE: [signature] | |
| OFFICE: So. Calif. Appeals | TITLE: Associate Chief, Appeals | |