IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ELWOOD J. LEBLANC, JR. and JANICE L. LEBLANC, Plaintiffs, | No. 05-743 T |
| v. | (Judge Francis M. Allegra) |
| UNITED STATES OF AMERICA, Defendant. | |

DEFENDANT'S MOTION FOR A STATUS CONFERENCE AND FOR THE INTERIM TOLLING OF THE PERIOD FOR DEFENDANT TO FILE A REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Defendant respectfully requests that the Court schedule a status conference, before proceeding further with briefing, to clarify plaintiffs' intentions regarding the dismissal of this case in what would be the second instance in which the so-called "basis restoration/termination year" issue would be withdrawn prior to a decision that earlier was sought to help resolve many of the pending AMCOR cases.

In support of this motion, defendant states as follows:

This case is one of approximately fifty AMCOR cases filed by plaintiffs' counsel and currently pending before this Court that raise the basis restoration/termination year claim. In an earlier representative case, *Donald L. Dismore and Bettye G. Dismore v. United States*, Fed. Cl. No. 04-1787 T, defendant filed a motion for summary judgment, in which it briefed two issues that apply to all such claims. That case was dismissed for plaintiffs' lack of prosecution on

September 27, 2007. As a consequence, on October 5, 2007, the Court ordered defendant to file its answer or other response to the complaint in the instant case on or before December 7, 2007. On that date, defendant filed a motion to dismiss the complaint, raising substantially the same arguments it had presented in its earlier summary judgment motion in *Dismore*.

Plaintiffs filed their response to the motion to dismiss on January 7, 2008. In their response, however, plaintiffs advise that they wish to voluntarily dismiss the complaint but believe that they must proceed because of defendant's concerns and objections to such a dismissal. (Pls.' Resp. to Mot. to Dismiss at 17.) While RCFC 41(a)(1) authorizes plaintiffs to voluntarily dismiss their complaint, defendant indeed has serious concerns regarding whether AMCOR plaintiffs wish to present the basis restoration/termination year claim for the Court's resolution, and, if they do, the wasted effort that is the product of repeated dismissals of representative cases. Defendant therefore requests a status conference to clarify whether the basis restoration/termination year claim will be presented in this or some other representative case and defendant's concerns about the time and resources it already has expended in thus far fruitless efforts to resolve this claim. Defendant also requests that its reply brief be postponed in the interim, and if it is determined at the conference that such a brief is still needed, that the Court set a new due date at the conference.

Respectfully submitted,

s/Karen Servidea
KAREN SERVIDEA
*Attorney of Record*
*U.S. Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
(202) 307-6496
(202) 514-9440 (fax)

RICHARD T. MORRISON
*Acting Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

s/ Steven I. Frahm
Of Counsel

January 15, 2008
Date